IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

|  |  |  |
|---|---|---|
| GEORGE GILMORE, | ) | CIVIL ACTION |
| Plaintiff, | ) | |
| | ) | NO. 02-4379 |
| v. | ) | |
| | ) | |
| PHILADELPHIA POLICE OFFICER | ) | |
| CHARLES LAYTON, et al., | ) | |
| Defendants | ) | |

## ORDER

AND NOW, this ____ day of _____, 2004, upon consideration of the Motion to Dismiss filed on behalf of Defendants Detective Charles Layton and Police Officer Joseph Goodwin, and any response thereto, it is hereby ORDERED that Defendants' Motion is GRANTED. All claims against Defendants are DISMISSED with prejudice.

SO ORDERED:

_____
Giles, J.

1

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

_____
                                      )
**GEORGE GILMORE,**                   )        CIVIL ACTION
      **Plaintiff,**                    )
                                      )        NO. 02-4379
    **v.**                            )
                                      )
**PHILADELPHIA POLICE OFFICER**       )
**CHARLES LAYTON, et al.,**           )
      **Defendants**                    )
_____)

**MOTION TO DISMISS PURSUANT TO**
**FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6)**

    Pursuant to Federal Rule of Civil Procedure 12(b)(6), Defendants Detective Charles Layton and Police Officer Joseph Goodwin hereby move this Court to dismiss with prejudice Plaintiff's Complaint for failure to state a claim against Defendants. In support of this Motion, Defendants rely upon and incorporate by reference the Memorandum of Law filed contemporaneously herewith.

        Respectfully submitted,


        _____
        Peter D. Han
        Assistant City Solicitor
        City of Philadelphia Law Department
        1515 Arch Street, 14th Floor
        Philadelphia, PA 19102-1595
February 17, 2004        Attorney for Defendants

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

|  |  |
|---|---|
| GEORGE GILMORE,<br>      Plaintiff,<br><br>v.<br><br>PHILADELPHIA POLICE OFFICER<br>CHARLES LAYTON, et al.,<br>      Defendants | CIVIL ACTION<br><br>NO. 02-4379 |

**MEMORANDUM OF LAW IN SUPPORT OF THE MOTION TO DISMISS
OF DEFENDANTS DETECTIVE CHARLES LAYTON
AND POLICE OFFICER JOSEPH GOODWIN
PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(B)(6)**

**I.   INTRODUCTION**

Plaintiff, who is an incarcerated individual, alleges, inter alia, that Detective Charles Layton, Badge #9942, and Police Officer Joseph Goodwin, Badge #5643, violated his civil rights arising from his arrest on May 18, 2000.  (See Pl.'s Compl., at 4, Exhibit A).

However, a review of Plaintiff's Complaint reveals that, because the statute of limitations has run on Plaintiff's claims, Plaintiff has failed to state a claim upon which relief can be granted against Defendants.

**II.   FACTS**

Plaintiff's Complaint sets forth the following claims against Defendants.[1]  Plaintiff alleges that on May 18, 2000, Defendants Detective Charles Layton and Police Officer Joseph Goodwin used excessive force in arresting Plaintiff.  (Pl.'s Compl., at 4, Exhibit A).  (Pl.'s Compl., at 4, Exhibit A).  Plaintiff states that he suffered injuries because of the alleged use of excessive force, and required hospitalization.  (Pl.'s Compl., at 4, Exhibit A).

---

[1] Plaintiff utilized a form complaint for prisoners filing a 42 U.S.C. § 1983 claim.  (See Pl.'s Compl., Exhibit A).

3

### III. LEGAL STANDARD

When considering a defendant's motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), this Court must take all allegations contained in the complaint as true and construe them in the light most favorable to the plaintiff. H. J. Inc. v. Northwestern Bell Tel. Co., 492 U.S. 229, 250 (1989); Rocks v. City of Philadelphia, 868 F.2d 644, 645 (3d Cir. 1989). However, a motion to dismiss for failure to state a claim shall be granted if it appears certain that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Conley v. Gibson, 355 U.S. 41, 45-46 (1957); Doe v. Delie, 257 F.3d 309, 313 (3d Cir. 2001).

In considering a motion to dismiss, a court may reference matters of public record. Churchill v. Star Enter., 183 F.3d 184, 190 n.5 (3d Cir. 1999) (citing Rose v. Bartle, 871 F.2d 331, 339 n.3 (3d Cir. 1989)). Additionally, in ruling on a motion to dismiss on statute of limitations grounds, the Court must determine whether "the time alleged in the statement of a claim shows that the cause of action has not been brought within the statute of limitations." Jordan v. Crandley, 1999 WL 718616 (E.D. Pa. 1999) (quoting City v. Bridgewater Township Police Dept., 892 F.2d 23, 25 (3d Cir. 1989)). Where the complaint facially shows noncompliance with the applicable statute of limitations, a motion to dismiss on these grounds should be granted. Oshiver v. Levin, Fishbein, Sedran & Berman, 38 F.3d 1380, 1384 n.1 (3d Cir. 1994).

### IV. ARGUMENT

**Plaintiff's Claims Against Defendants Detective Charles Layton and Police Officer Joseph Goodwin are Barred by the Statute of Limitations**

42 U.S.C. § 1983, which provides a cause of action for vindication of federal rights, does not contain a statute of limitations provision; rather, federal courts refer to the general, residual statute of limitations for personal injury actions under state law. Lake v. Arnold, 232 F.3d 360, 368 (3d Cir. 2000). Thus, for a claim brought under Section 1983, federal courts use the limitation period for personal injury under Pennsylvania law and apply a two year statute of limitations. Lake, 232 F.3d at 368-69; Sameric Corp. of Delaware, Inc. v. City of Philadelphia, 142 F.3d 582, 599 (3d Cir. 1998); Bougher v. Univ. of

4

Pittsburgh, 882 F.2d 74, 78 (3d Cir. 1989); see 42 Pa. Cons. Stat. Ann. § 5524 (setting forth two year statute of limitations for enumerated torts).

Plaintiff states in his Complaint that the incident involving Defendants Detective Charles Layton and Police Officer Joseph Goodwin occurred on May 18, 2000, which would have given Plaintiff until May 19, 2002 to file his Complaint within the applicable two year statute of limitations. (See Pl.'s Compl., at 4, Exhibit A). However, Plaintiff did not even attempt to file his Complaint until at the earliest June 27, 2002, the date on which he signed his Complaint, which is over a month and two years after the incident occurred. (Pl.'s Compl., at 4, Exhibit A).[2] Therefore, given that over two years has elapsed since the date of the incident and the filing of the instant claim, Plaintiff's claims against Defendants Detective Charles Layton and Police Officer Joseph Goodwin are barred by the statute of limitations.

## V.     CONCLUSION

Wherefore, Defendants respectfully request that this Honorable Court grant their Motion and dismiss Plaintiff's claims against them with prejudice.

Respectfully submitted,

_____
Peter D. Han
Assistant City Solicitor
City of Philadelphia Law Department
1515 Arch Street, 14th Floor
Philadelphia, PA 19102-1595

February 17, 2004                               Attorney for Defendants

---

[2] Although the point is moot, it is not even clear whether this initial filing for leave to proceed in forma pauperis tolled the statute of limitations, given that on July 8, 2002 this Court denied Plaintiff's petition, and then later granted his petition on June 30, 2003. (See Docket Report, Exhibit B).

5

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

_____
                                                           )

**GEORGE GILMORE,**              )        **CIVIL ACTION**
        **Plaintiff,**                    )
                                          )        **NO. 02-4379**
      **v.**                                 )
                                          )
**PHILADELPHIA POLICE OFFICER**  )
**CHARLES LAYTON, et al.,**         )
        **Defendants**               )
_____)

**CERTIFICATE OF SERVICE**

       I, Peter D. Han, do hereby certify that service of a true and correct copy of Defendants Detective Charles Layton's and Police Officer Joseph Goodwin's Motion to Dismiss has been served upon the following individuals by regular mail, on this date, February 17, 2004.

**TO:**       George Gilmore
             P.P., EM-7340
             SCI-Houtzdale
             P.O. Box 1000
             Houtzdale, PA 16698-1000

**DATE:**    February 17, 2004        **BY:**  _____
                                                                 Peter D. Han
                                                                 Assistant City Solicitor
                                                                 Attorney for Defendants